

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

December 2, 1969

Honorable Tommy V. Smith
Commissioner
Bureau of Labor Statistics
Capitol Station
Austin, Texas   78711

Opinion No. M- 526

Re: Whether, pursuant to Article
5221a-6, Vernon's Civil Statutes,
as amended, the Texas Private Em-
ployment Agency Regulatory Board
may issue a private employment agency
license to a corporation, and re-
lated question.

Dear Mr. Smith:

Your recent letter requesting the opinion of this office
concerning the referenced matter states, in part, as follows:

> "1.   Under ... (the provisions of Article
> 5221a-6, Vernon's Civil Statutes, as amended),
> can (the Texas Private Employment Agency Reg-
> ulatory Board) ... issue an employment agency
> license to a Corporation?

> "2.   If a license can be issued to a Cor-
> poration, who would qualify for the Opera-
> tor's License (provided for in Article
> 5221a-6, supra)?"

Article 5221a-6, supra (hereinafter referred to as "the
Article"), formerly known as the Private Employment Agency Law,
was amended by House Bill Number 169 (Acts 61st Leg. R.S. 1969,
ch. 871, p. 2625).

Section 1(a) of the Article defines "person" as follows:

> "The term 'person' means an individual,

partnership, association, corporation,
legal representative, trustee in bank-
ruptcy, or receiver." (Emphasis added.)

Section 1(e) of the Article defines "private employment agency" as follows:

"...any person, place or establishment
within this state who for a fee or with-
out a fee offers or attempts, either
directly or indirectly, to procure em-
ployment for employees or procures or
attempts to procure employees for em-
ployers . . . ." (Emphasis added.)

Section 1(h) of the Article states that the term "operator" shall mean:

". . . the individual or individuals
who have the responsibility for the day-
to-day management, supervision and con-
duct of a private employment agency;
. . ." (Emphasis added.)

Section 4 of the Article sets forth the procedure for applying for a private employment agency license as follows:

"Applications for license to maintain
and operate a private employment agency
shall be made by a licensed operator and
shall be accompanied by a fee of $150
. . . ." (Emphasis added.)

The requirements for obtaining an operator's license are found in Section 5(a) of the Article, which provides:

"Application for a license as an operator
may be made by and shall be issued to any
person who (1) is a citizen of the United
States, (2) has been a resident of the
State of Texas for one year next preceding

> the filing of said application, (3)
> is of good moral character, (4) has
> never been convicted of an offense
> involving moral turpitude, and (5)
> successfully passes the examination
> prescribed herein." (Emphasis added.)

A summary of the foregoing quoted provisions of the Article reveal that: (a) the definition of "person" includes corporations; (b) a "person" may not obtain a private employment agency license unless an operator's license has first been obtained; and (c) while an operator's license may be issued to a "person", that "person" must meet all of the requirements of Section 5(a), supra.

The general rule as to the right of a corporation to be licensed to engage in a profession or occupation is summarized in textual statement as follows:

> "Whether, apart from charter limitations,
> if any, a corporation may be licensed to
> act in a trade or business, such as
> auctioneering, the brokerage business,
> embalming, selling liquors, etc., is
> largely, or wholly, a matter of the terms
> and construction of the licensing statutes.
> Statutes are frequently so drawn as to in-
> dicate that the draftsman had principally
> in mind the licensing of individuals, not-
> withstanding which they have often been
> construed as extending to corporations,
> even in some instances where important
> provisions were completely inapplicable
> to corporations." 19 Am.Jur.2d 508-09,
> Corporations, Sec. 1052.

For examples of cases where the statement in the last sentence of the preceding quoted paragraph has been applied by courts to various businesses, see 165 A.L.R. 1098 (1946).

Clearly, a corporation as such cannot qualify for an operator's license under the wording of Section 1(h), which limits the responsibility to the "individual".

We are of the opinion, however, that an individual who possesses an operator's license obtained pursuant to the provisions of Section 5(a), supra, and who is a duly authorized officer or agent of a corporation may apply, on behalf of that corporation, for a private employment agency license, and that such license may be granted to the corporation under those circumstances.

As for your second question, an individual meeting all of the requirements of Section 5(a) of the Article would qualify for an operator's license.

## S U M M A R Y

(1)  The Texas Private Employment Agency Regulatory Board, pursuant to Section 4 of Article 5221a-6, Vernon's Civil Statutes, as amended, may issue a private employment agency license to a corporation, providing the individual applying for said license on behalf of a corporation has obtained an operator's license pursuant to the provisions of Section 5(a) of Article 5221a-6, Vernon's Civil Statutes.

(2)  An individual meeting all the requirements of Section 5(a) of Article 5221a-6, Vernon's Civil Statutes, is qualified for an operator's license.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Austin C. Bray, Jr.
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
George Kelton, Vice-Chairman
Bill Allen
Monroe Clayton
Z. T. Fortescue
A. J. Gallerano

MEADE F. GRIFFIN
Staff Legal Assistant

NOLA WHITE
First Assistant